### FOLLETT WOOL CO. v. UTICA TRUST & DEPOSIT CO. et al.

(Supreme Court, Appellate Division, Third Department.   May 12, 1903.)

1. SALES—STATUTE OF FRAUDS—ACCEPTANCE AND RECEIPT OF GOODS.

Plaintiff shipped to the H. Co. a quantity of wool, to be scoured and held subject to plaintiff's order.   When this was finished the H. Co. sacked and marked the wool, and placed it in its warehouse for plaintiff. Thereafter, by telephone, plaintiff agreed to sell the wool to the H. Co. on 60 days' credit.   No part of the price was paid, nor any memorandum of the sale made, though the value exceeded $50.   Shortly thereafter the H. Co. pledged the wool to defendant after removing it and storing it with a warehouse company, after which the H. Co. failed.   *Held* that, since plaintiff never assented to any delivery of the wool after the agreement to sell the same, defendant's act in removing it from its warehouse to that of another did not constitute such an acceptance and receipt of the wool as would take the sale out of the statute of frauds, and operate to transfer the title.

2. SAME—RIGHTS OF PLEDGEE.

Since title to the property did not pass to the H. Co., and it had no authority to sell or dispose of the same, and it was not plaintiff's agent for that purpose, but only held the wool in store for plaintiff for the purpose of scouring the same, the H. Co.'s pledge was not entitled to the wool on the ground that as plaintiff made the loss possible, as against such pledgee, plaintiff should suffer the same.

3. SALE—REPLEVIN—DAMAGES—INTEREST.

Where wool belonging to plaintiff was pledged by plaintiff's bailee, without authority, to defendant, and on demand defendant refused to deliver the wool, which had been stored with a warehouse company, and, after suit brought against the latter to recover the same, it filed an interpleader, when the wool was ordered to be held by the sheriff, subject to an order of the court, plaintiff, on judgment in his favor, was entitled to interest on the value of the wool, as damages for withholding the same from the time of the demand.

Appeal from Trial Term, Albany County.

Action by the Follett Wool Company against the Utica Trust & Deposit Company and others.   From an order denying a motion to set aside a verdict, and for a new trial on the minutes, the Trust & Deposit Company appeals.   Affirmed.

In the latter part of July, 1899, the plaintiff, a foreign corporation, engaged in the wool business, shipped to the defendant D. J. Hamburger & Sons Company, at Albany, a quantity of wool, to be sorted and scoured, and then to be held subject to plaintiff's order.   The sorting and scouring were

completed by the defendant Hamburger Company about August 24, 1899, and the wool was then placed in bags, marked with a diamond F to identify it as plaintiff's wool, and the same was placed in the warehouse of the defendant Hamburger Company, and held there for the plaintiff. About the latter part of September or the early part of October, 1900, according to the testimony of Joseph D. Hamburger, he, being in Albany, and William J. Follett, in Boston, had a conversation by telephone, in which the latter, representing the Follett Wool Company, agreed to sell the wool to the D. J. Hamburger & Sons Company at 32 cents per pound, upon 60 days' credit. That was all there was of that transaction. No part of the purchase price was paid, and no memorandum of the sale was made in writing. A few days after this conversation, the Hamburger Company, without the knowledge of the plaintiff, placed the wool in storage with the defendant Albany Terminal Warehouse Company, and took the usual negotiable warehouse receipts in its own name. About two weeks thereafter the defendant Hamburger Company pledged said wool, with other wool in said warehouse, to the defendant Utica Trust & Deposit Company as collateral to a loan of $25,000, and transferred to said trust company the said warehouse receipts for the wool in question to secure said loan. On October 18, 1900, within two weeks after this transaction with the defendant Utica Trust & Deposit Company, the D. J. Hamburger & Sons Company failed, and a receiver of such company was appointed. This action was commenced against the defendant Albany Terminal Warehouse Company to replevy said wool on October 23, 1900, and on that day the same was taken into the possession of the sheriff of Albany county. Subsequently, and on the 28th of November, 1900, an order of interpleader was made, substituting the Utica Trust & Deposit Company, Charles M. Friend as receiver of D. J. Hamburger & Sons Company, and D. J. Hamburger & Sons Company as defendants in this action, and discharging the Albany Terminal Warehouse Company from all liability, and directing that the wool remain in the possession of the sheriff until the further order of the court. An answer was interposed by the defendant the Utica Trust & Deposit Company, denying ownership of the plaintiffs in said wool, and claiming ownership in itself by virtue of the said warehouse receipts so transferred to it by the Hamburger Company.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Matteson & De Angelis (P. C. J. De Angelis, of counsel), for appellant.

Stedman & Stedman (J. Newton Fiero, of counsel), for respondent.

CHESTER, J. While, under the circumstances of this case, the testimony of Joseph D. Hamburger concerning the agreement with the plaintiff, made by telephone, for the sale of the wool, is of very doubtful veracity, yet, for the purposes of this appeal, we must accept it as true. The question is then presented as to whether the title to the wool in question was in the plaintiff, or in the D. J. Hamburger & Sons Company, at the time the latter pledged it to the appellant as security for the loan which it made; and that depends upon the validity of the alleged sale by the plaintiff to the Hamburger Company under the statute of frauds. The agreement to sell was not in writing. After it was made, the wool, which largely exceeded $50 in value, was transferred by the Hamburger Company, without the knowledge or assent of the plaintiff, to the warehouse of the Albany Terminal Warehouse Company. Was this such an acceptance and receipt of the wool, within the meaning of those terms as used in the statute of frauds, as will take the case out of the operation of such statute? At

the time of the alleged conversation over the telephone, the wool was stored in the Hamburger Company's warehouse for the plaintiff.   It was therefore then in the possession of such company as the bailee of the plaintiff.   The case is barren of proof of any act on the part of the plaintiff, subsequent to the talk over the telephone, showing any assent on its part to a delivery of the wool to, or an acceptance and receipt of it by, the Hamburger Company.   There must be something done subsequent to the verbal sale indicating the mutual intentions of the parties.   In referring to the language of the statute which makes agreements of this character void unless the buyer should "accept and receive some part of the goods," Gardner, J., said, in Shindler v. Houston, 1 N. Y. 261, at page 264, 49 Am. Dec. 316:   "The language is unequivocal, and demands the action of both parties, for acceptance implies delivery, and there can be no delivery without acceptance." While the act of the Hamburger Company in removing the wool from their warehouse to another one would undoubtedly serve, by way of estoppel, to bind that company in a suit against it by the Follett Wool Company for the purchase price, yet if, subsequent to the alleged agreement of sale, the Follett Wool Company had in some way become repossessed of the wool, and the question had then been presented in a suit by the Hamburger Company against the Follett Wool Company to replevin it, such suit would necessarily fail, because of there being no affirmative act on the part of the Follett Wool Company subsequent to the alleged agreement showing its assent thereto.   Yet the suit here presents the same question in another way.   It will serve no good purpose to attempt to review the numerous authorities where this question has been discussed.   It has arisen most frequently in actions by the seller against a purchaser who, after making an oral agreement for the purchase of goods in his possession, has refused to carry out the agreement on the ground that there had been no change of possession, and that he had not accepted and received the goods.   This, in the absence of proof of some act on his part subsequent to the agreement showing an acceptance of the goods, has uniformly been held to be a good defense.   It would be a rule out of harmony with the purpose of the statute to hold that when the situation of the parties is reversed, and it is sought to charge the seller under such an agreement, it is unnecessary to show any affirmative act on his part showing that the delivery and acceptance of the goods were by his assent.   I think the necessity of showing the affirmative act exists in the one case the same as in the other, to take the case out of the operation of the statute, and that the rule to be gathered from the authorities is that such act must be one by the party sought to be charged, whether he be vendor or vendee.   If this is not so, the statute of frauds, which was intended to prevent fraud and perjury, furnishes no protection whatever to an owner of goods against the fraud and perjury of his bailee.   Reference may be had to the following authorities, which sustain the conclusion reached:   Shindler v. Houston, 1 N. Y. 261, 49 Am. Dec. 316; Brabin v. Hyde, 32 N. Y. 519; Pitney v. Glens Falls Ins. Co., 65 N. Y. 6; Matter of Hoover, 33 Hun, 558; Browne on the Statute of Frauds (5th Ed.) c. 15, § 316; Benjamin on Sales (7th Ed.) 174.

The rule is also invoked by the appellant that, whenever one of two innocent persons must suffer by the act of a third, he who has made the loss possible must sustain it. But the plaintiff has done nothing except first to deliver its wool to the Hamburger Company for a special purpose, which it had a lawful right to do, without incurring the hazard of this rule; and, second, to have the alleged conversation over the telephone, which was not effective to transfer a title to its property. The Hamburger Company had no authority to sell or dispose of the wool, and was not the agent of the plaintiff for the purpose. Nor were the plaintiffs guilty of any carelessness or neglect with respect to storing their wool with the Hamburger Company after it was scoured. I think, therefore, the rule invoked can have no application to the facts in this case. Saltus v. Everett, 20 Wend. 267, 32 Am. Dec. 541.

I think, also, that the plaintiff was entitled to recover interest, as damages for withholding the wool from the time of the demand, notwithstanding the sheriff had held it from the time of the order of interpleader, subject to the order of the court. This disposition of it was deemed proper for the protection of the parties pending the litigation, but the unfounded claim of the appellant has prevented the plaintiff from having possession of its property since such claim was made, and the damages may well be measured by the amount of the interest on its value.

The order appealed from should be affirmed, with costs. All concur.